**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10480 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00211-GEB |
| v. | |
| CEDRIC ROBERSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Cedric Roberson appeals from the district court's judgment and challenges

the 22-month sentence imposed following his guilty-plea conviction for conspiracy

to defraud the government, in violation of 18 U.S.C. § 286.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Roberson contends that the district court clearly erred when it applied a three-level aggravating role enhancement under U.S.S.G. § 3B1.1(b). Roberson argues that the record does not support a finding that he served as either a manager or supervisor because there was no evidence to show that he directed, managed or supervised any other participant in the offense. Contrary to Roberson's contention, the record reflects that he recruited and supervised others in the commission of the offense. Therefore, the court did not clearly err in applying the adjustment. *See United States v. Riley*, 335 F.3d 919, 929 (9th Cir. 2003) (aggravating role enhancement is warranted where the defendant was "responsible for organizing others for the purpose of carrying out the crime") (internal quotations ommitted); *United States v. Egge*, 223 F.3d 1128, 1131 (9th Cir. 2000) (stating standard of review).

Roberson also contends that the district court should be ordered to consider his entitlement to a minor role adjustment on remand. We do not reach this contention in light of our disposition above.

**AFFIRMED.**